815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allan FALK, Plaintiff-Appellant,
v.
STATE BAR OF MICHIGAN, Defendant-Appellee.
 No. 86-1440.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1987.
 
 Before KEITH and KENNEDY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals the district court's dismissal of his action on the basis of the doctrine of preclusion. Appellant originally challenged the practices of the State Bar of Michigan through a Petition for Special Relief filed in the Michigan Supreme Court on November 30, 1977. In his petition, appellant alleged that the State Bar of Michigan used his mandatory bar dues in violation of the First Amendment to the United States Constitution. The Michigan Supreme Court treated appellant's petition as a writ of superintending control over the State Bar of Michigan. The Michigan Supreme Court appointed the Honorable James H. Lincoln to conduct an evidentiary hearing. The court ordered that at this hearing "the parties shall further develop the record with regard to the following bar activities: the Young Lawyers Section and Lawyers Wives, the Lawyer Placement Service, the commercial sale of the bar's mailing list, and bar activities addressed to influencing legislation." Falk v. State Bar of Michigan, 411 Mich. 63, 305 N.W.2d 201 (1981) (Falk I). After receiving Judge Lincoln's report, the Michigan Supreme Court issued a second opinion dismissing appellant's petition on December 29, 1983. Falk v. State Bar of Michigan, 418 Mich. 270, 342 N.W.2d 504 (1983) (Falk II), cert. denied, 469 U.S. 925 (1984). Plaintiff sought review by the United States Supreme Court. The Court denied certiorari.
 
 
 2
 On December 20, 1984, appellant filed a claim in the United States District Court alleging that the State Bar of Michigan used mandatory bar fees to finance the political and economic interests of a portion of its membership in violation of the First Amendment. Appellant sought monetary and injunctive relief under 42 U.S.C. Sec. 1983. The district court dismissed the action on April 10, 1985. The court based its ruling on the res judicata effect of the Michigan Supreme Court judgment. The district judge determined that Falk was precluded from pursuing the Sec. 1983 claim in the federal system; he found that the Michigan Supreme Court decision was "on the merits", that the "same matter was in issue" and that the parties were identical in both cases.
 
 
 3
 Upon consideration of the record in the case, the briefs and the oral argument of counsel, we AFFIRM the judgment the district court for the reasons stated by the Honorable Douglas W. Hillman in his Memorandum Opinion filed April 10, 1986.